Hillsborough,
No. 4446.

MANCHESTER *v.* HILLSBOROUGH.

Submitted December 7, 1955.

Decided December 31, 1955.

*J. Francis Roche,* city solicitor, for the plaintiff.

*Conrad Danais,* county solicitor, for the defendant.

GOODNOW, J. If a person who is poor and unable to support himself has no relatives of sufficient ability to do so, "the town wherein he has a legal settlement shall be liable for his support." RSA 165:19. "County paupers are those for whose support no person or town in this state is chargeable." RSA 166:1. The question raised by the transferred question is whether Geraldine, the child whose support is involved in this case, has a legal settlement in Manchester.

Unemancipated minor children are incapable of acquiring a settlement in their own right and, if legitimate, "have the settlement of their father, if any he has within this state; otherwise the settlement of their mother, if any she has." RSA 164:1 III. If the father's settlement changes during the minority of the child, the settlement of the child derived from the father also changes and follows his even when the child is not living with him. *Salisbury* v. *Orange,* 5 N. H. 348, 352; 70 C. J. S. 72, 73. Similarly, if the father loses his settlement during the minority of the child, the derivative settlement of the child is also lost.

In June 1953, Geraldine had a legal settlement in Manchester because her father at that time had such a settlement. He and her mother then left this state and moved to California taking with them their four other children but leaving Geraldine in Manchester in a foster home. Geraldine continued to have a settlement in Manchester unless her father, by his removal from this state, lost his settlement in that city.

"A former settlement shall be lost upon the abandonment for five consecutive years of the domicile by which the settlement was gained." RSA 164:2. The record does not disclose the manner in which Geraldine's father acquired his settlement in Manchester but for the purposes of this case, it is assumed that he did so by having "had his domicile in [Manchester] for five consecutive years." RSA 164:1 IX. Under these circumstances, his removal from Manchester and the abandonment of his domicile there can result in the loss of his settlement only after the abandonment has continued for five consecutive years. The fact that he has moved to another state does not shorten the required period of abandonment.

The following statement was made in *Opinion of the Justices,* 89 N. H. 563, 564: "Abandonment for less than five years by removal from the state within that period is to be held loss of settlement." This statement was not necessary to the opinion and is not followed. The liability of towns and counties for the support of the poor depends entirely upon the provisions of our statutes. *Wilson* v. *County,* 72 N. H. 112, 113. Those concerned with settlement of paupers do not provide that removal from the state shall result in a loss of settlement nor have they ever so provided. In the section dealing with abandonment of domicile (s. 2), the Legislature made no distinction in express language between an abandonment of domicile involving removal to another town in this state and one involving removal to a town outside this state, although it might have done so, and we see no basis upon which such a distinction can be drawn by implication.

Geraldine's settlement in Manchester, like that of her father, continues in Manchester until the father's former domicile in that city has been abandoned by him for five consecutive years. It is only when that time has elapsed that liability for the support of Geraldine will shift from the city to the county, unless it may sooner do so in accordance with RSA 164:8 by reason of assistance furnished to her as a pauper for five consecutive years.

*Remanded.*

All concurred.